UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x

LAVAZZA PREMIUM COFFEES CORP., and
LUIGI LAVAZZA S.P.A.

                     Plaintiffs,

    -against-

PRIME LINE DISTRIBUTORS, INC.

                     Defendant.
--------------------------------------------------------------x
PRIME LINE DISTRIBUTORS, INC.,

                 Counter-Plaintiff,

    -against-

LAVAZZA PREMIUM COFFEES CORP.,

                 Counter-Defendant.
--------------------------------------------------------------x

Case No. 20 Civ. 9993 (KPF)

**JOINT STIPULATION FOR PROTECTIVE ORDER FOR CONFIDENTIAL DISCOVERY MATERIAL AND CLAWBACK AGREEMENT**

## RECITALS

    WHEREAS Plaintiff/Counter-Defendant Lavazza Premium Coffees Corp., Plaintiff Luigi Lavazza S.p.A., and Defendant/Counter-Plaintiff Prime Line Distributors, Inc. (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case ("Protective Order");

    WHEREAS, the Parties, through their undersigned counsel, agree to the following terms;

    WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to

confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order by itself does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third parties to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

## DEFINITIONS

1.      "Privileged Information" shall mean information subject to the attorney-client privilege, the work product doctrine, or any other applicable privilege, rule, or immunity from discovery.

2.      "Confidential Information" shall mean confidential or proprietary, technical, scientific, financial, or business information or information the disclosure of which a "Producing Party" reasonably and in good faith believes would likely cause harm or place a party or non-party at a commercial disadvantage.[1]

---

[1] A Producing Party designating discovery materials as Confidential pursuant to this Protective Order as described herein does not establish that any such information or items are considered confidential outside of discovery or for any other purpose related to this lawsuit or otherwise.

3.      "Producing Party" means any party or non-party to whom a subpoena is issued in this Lawsuit that discloses or produces any discovery material.

4.      "Receiving Party" means any Party who receives discovery material from a Producing Party.

5.      "Lawsuit" means the above captioned case.

## TERMS

1.      The Recitals and Definitions contained in this Protective Order are hereby incorporated into the Terms of this Protective Order.

2.      The Parties agree that the inadvertent or unintentional disclosure of Privileged Information shall not be deemed a waiver in whole or in part of a claim of privilege or other protection from disclosure, either as to such information or as to any other information relating thereto or on the same or related subject matter.

3.      In the event a Producing Party discovers it has inadvertently disclosed Privileged Information, the Producing Party shall within five (5) business days of the date of discovery of the inadvertent disclosure notify, via email, counsel for all parties to this Lawsuit to whom such Privileged Information was disclosed and promptly provide thereafter a replacement copy, appropriately redacted if only a portion of the document contains Privileged Information. Upon such notification, within five (5) business days the Privileged Information and all copies thereof shall be returned to the Producing Party or destroyed, and any reference in any document to the inadvertently produced Privileged Information shall be removed. If destroyed, counsel for the Receiving Parties shall certify in writing that the inadvertently produced Privileged Information has been destroyed.

4.      The Parties agree that the nature of the Lawsuit may involve requests for and the production of Confidential Information. Any person or entity subject to this Protective Order who receives from any other person or entity subject to this Protective Order any Confidential Information

disclosed pursuant to and in course of discovery in this action, (including but not limited to documents, deposition testimony, exhibits, interrogatory answers, responses to requests for admissions, and any other written, recorded transcribed or graphic matter produced by any Party or non-party during this case; and any copies thereof) that is designated as "Confidential" pursuant to the terms of this Protective Order shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder.

5.      In order to protect the confidentiality and sensitive nature of Confidential Information, a Producing Party may designate documents with the designation "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility before the material is disclosed or produced.  The protections conferred by this Protective Order cover not only discovery materials marked "Confidential" but also (a) any information copied or extracted from discovery materials marked "Confidential"  (b) all copies, excerpts, summaries, or compilations of  discovery materials marked "Confidential" and (c) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Information.

6.      The Producing Party may designate as "Confidential" only such portion of such material containing proprietary, technical, scientific, financial, or business information, the disclosure of which the Producing Party reasonably and in good faith believes would likely cause harm or place a Party or non-party at a commercial disadvantage.

7.      The protections conferred by this Protective Order do not cover any documents or information (a) already in the public domain at the time of disclosure; (b) that becomes part of the public domain after its disclosure as a result of disclosure not involving a violation of this Protective Order, including by becoming part of the public record in this action through trial or otherwise; or (c)

disclosed independently from this action, from a source who obtained the document or information lawfully and was under no obligation of confidentiality.

8.      A Party, Party's counsel, or counsel of the witness testifying may designate portions of deposition and/or hearing testimony and exhibits as "Confidential" by indicating on the record during the deposition and/or hearing that testimony or an exhibit contains Confidential Information. If no one designates any portion of the transcript as "Confidential", then none of the transcript will be treated as confidential. The foregoing is without prejudice to a Party, Party's counsel, or counsel of the witness testifying from subsequently designating any portion of the transcript as confidential by written notification to the Parties within 30 days after a deposition has concluded. If a transcript is designated as "Confidential", the same protections are afforded as if a document was stamped "Confidential".

9.      If at any time prior to the trial of this action, a Producing Party realizes that some portion(s) of discovery material that she, he, or it had previously produced without limitation should be designated as "Confidential," she, he, or it may so designate by so apprising all prior recipients of the discovery material in writing, and thereafter such designated portion(s) of the discovery material will thereafter be deemed to be and treated as "Confidential" under the terms of this Protective Order.

10.      No person subject to this Protective Order other than the Producing Party shall disclose any of the discovery material designated by the Producing Party as "Confidential" to any other person whomsoever, except to:

(a)      the Parties to this action, including but not limited to their employees, agents, assigns and counsel;

(b)      counsel retained specifically for this action, including any paralegal, clerical and other assistants or support staff employed by such counsel and assigned to this matter;

(c)     outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)     any mediator, discovery referee, special master or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e)     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g)     any person retained by a Party to serve as an expert or consulting witness (including support personnel who are assisting them in this Lawsuit), trial consultant, mock juror, or other person who provides specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h)     stenographers and videographers engaged to transcribe and videotape depositions conducted in this action; and

(i)     this Court, including any appellate court, and the court reporters and support personnel for the same.

11.     Prior to any disclosure of any Confidential Information to any person referred to in subparagraphs 10(c)-(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign the Non-Disclosure Agreement in the form annexed as Exhibit A

hereto stating that the person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement and shall produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12.  Any individual or entity receiving Confidential Information after executing Exhibit A, shall either destroy or return to the retaining Party, at the conclusion of this Lawsuit (herein defined as the conclusion of any appellate proceedings arising from or relating to this Lawsuit or, if no appeals are taken, when the time for filing of an appeal has run), all originals and copies of such Confidential Information, and summaries thereof, except that expert shall be permitted to retain copies of his or her own work product, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

13.  In the event that a Party wishes to disclose Confidential Information to any persons not described in Paragraph 10, such Party shall notify in writing and seek consent from counsel for the Producing Party. The Party seeking disclosure shall identify in writing the particular Confidential Information in question, the person to whom disclosure is sought, and shall specify reason(s) for the sought disclosure. The Party or non-Party that had designated the Confidential Information as "Confidential" shall have seven (7) calendar from receipt of the written notice to consent. If there is no consent, the party seeking disclosure may apply to the Court requesting disclosure.

14.  Scope of Protection

  (a)  This Protective Order governs any information requested by or from the Parties or non-parties in connection with the Lawsuit.

  (b)  Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Confidential Information for any purpose.

*ACTIVE 63391104v1*

(c)     Nothing in this Protective Order shall restrict in any way the use or disclosure of Confidential Information by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) with the consent of the Producing Party.

15.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court. The Party designating discovery materials as "Confidential" has the burden of proving such designation is necessary.

16.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court. The Party seeking such designation has the burden of proving the need for such designation.

17.     In the event that a Receiving Party is served with a subpoena, court order, or any request from a third party that would compel disclosure of any Confidential Information, the Receiving Party must notify the Producing Party in writing within five (5) business days of receipt of such subpoena, court order, or request. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Protective Order, and shall cooperate with the Producing Party in order to give the Producing Party the opportunity to intervene and seek judicial protection from

the enforcement of the subpoena and/or the entry of an appropriate confidentiality order in the action in which the subpoena was issued. The Producing Party must move to quash or extend the time to comply with any such subpoena within 10 days of notification by the Receiving Party of the subpoena.

18.     Recipients of Confidential Information under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Information for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

19.     In the event that a Party is required, by a valid discovery request, to produce a non-party's Confidential Information in its possession, and the Party is subject to an independent confidentiality agreement or other agreement not to produce the non-party's confidential information, then the party shall:

a.     Within 10 days notify in writing the Requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

b.     Provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

c.     Make the information requested available for inspection by the non-party, if requested.

If the non-party fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information identified in subparagraphs (a) – (c)

above, the Receiving Party may produce the non-party's Confidential Information responsive to the discovery request. If the non-party timely seeks a protective order within fourteen (14) days of receiving the notice and accompanying information identified in subparagraphs (a) – (c) above, the Receiving Party shall not produce any information in its custody or control that is subject to the confidentiality agreement with the non-party before a determination by the Court is made as to the requested protective order. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its confidential information.  The obligations set forth in  Paragraph 19 shall not apply to purchase orders, equipment loan agreements or any other agreement by and between Lavazza and any customer of Lavazza, or to any purchase orders or any other agreement by and between Prime Line and any of its customers.

20.     Each person who has access to discovery material that has been designated as "Confidential" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

21.     In the event Confidential Information is inadvertently disclosed to a third party other than those identified in paragraph ten (10) of this Protective Order, such disclosure shall be reported in writing to the Producing Party within five (5) business days of the discovery of such disclosure. Counsel for the party who made the disclosure must make all reasonable efforts to retrieve the Confidential Information and/or to confirm that all copies of the Confidential Information in the third party's possession have been destroyed.

22.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 9 of this Court's Individual Rules of Practice in Civil Cases. No person may file with the Court redacted documents (other than the documents described in Rule 9(A) of this Court's Individual Rules of Practice in Civil Cases) or documents under seal without first seeking leave to file such papers. All persons producing Confidential Information are deemed to be on notice that the

Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Information submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Information will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing. If the Court denies a motion for leave to file under seal, either party may file the Confidential Information.

23.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Information introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

24.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Information itself, and not text that in no material way reveals the Confidential Information.

25.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach.

26.     This Protective Order shall survive the termination of the litigation, which shall occur upon the conclusion of any appellate proceedings, or, if no appeal is taken, when the time for filing

of an appeal has run. Within thirty (30) days of the final disposition of this action, all Confidential

Information and all copies thereof, shall be promptly returned to the producing person, or, upon

permission of the producing person, destroyed.

27.     All persons subject to this Protective Order acknowledge that willful violation of this

Protective Order could subject them to punishment for contempt of Court. This Court shall retain

jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any

obligations arising hereunder or to impose sanctions for any contempt thereof.

28.     Nothing in this Protective Order shall constitute a waiver of any objection to

discovery that may be sought in this case.

29.     Nothing contained in this Protective Order shall be construed to have any effect on

the admissibility or discoverability of any discovery material.

30.     Nothing herein shall prevent disclosure beyond the terms of this Protective Order if

the Producing Party consents to such disclosure in writing, or if the Court orders such disclosure.

31.     This Protective Order may be modified at the Court's discretion, by agreement of the

Parties, or by Court order.

Dated: March 4, 2022

COZEN O'CONNOR

By: /s/ Matthew E. Lewitz
John J. Sullivan
David B. Sunshine
Iris Velasquez
3 WTC, 175 Greenwich Street, 55th Floor
New York, NY 10007
Tel.: (212) 509-9400
Facsimile: (212) 509-9492
Email: jsullivan@cozen.com
Email: dsunshine@cozen.com
Email: ivelasquez@cozen.com

Matthew E. Lewitz

GREENBERG TRAURIG, P.A.

By: /s/ Michael N. Kreitzer
Michael N. Kreitzer
Jennifer L. Junger
Francisco O. Sanchez
333 SE 2nd Avenue, Suite 4400
Miami, FL 33131
Tel.: (305) 579-0500
Facsimile: (305) 579-0717
Email: kreitzerm@gtlaw.com
Email: jungerj@gtlaw.com
Email: sanchezfo@gtlaw.com
*Attorneys for Defendant/Counter-Plaintiff*
*Prime Line Distributors, Inc.*

401 Wilshire Boulevard, Suite 850
Santa Monica, CA 90401
Tel.: (310) 393-4000
Facsimile: (310) 394-4700
Email: mlewitz@cozen.com
*Attorneys for Plaintiff/Counter-Defendant*
*Lavazza Premium Coffees Corp. and Plaintiff*
*Luigi Lavazza S.p.A.*

**IT IS SO ORDERED.**

Dated: <u>March 7, 2022</u>
      New York, New York

District Judge Katherine Polk Failla

This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party
wishing to make redacted or sealed submissions shall comply with Rule
9 of this Court's Individual Rules of Civil Procedure.

*ACTIVE 63391104v1*